# SUPREME COURT.

JULY TERM, 1882.

Hon. ROGER S. GREENE....................Chief Justice.
Hon. SAMUEL C. WINGARD...........Associate Justice.
Hon. JOHN P. HOYT..................Associate Justice.
Mr. R. G. O'BRIEN..................................Clerk.

PUGET SOUND COMMERCIAL COMPANY, Appellant,

*v.*

THE BARKENTINE C. L. TAYLOR, Appellee,

AND

THE BARKENTINE C. L. TAYLOR, Appellant,

*v.*

PUGET SOUND COMMERCIAL COMPANY, Appellee.

Where collision of vessels is occasioned by fault on the part of each, as disclosed in the findings in this case, the aggregate of damages should be borne equally by the colliding vessels.

Appeal from the Third District, holding terms at Seattle.

As disclosed in the opinion of the Court, these actions were for damages, civil and maritime, resulting from a collision of the "Ranier," a vessel owned by the Puget Sound Commercial Company, and the Barkentine "C. L. Taylor." Each party instituted an action, but the two were consolidated for trial. The collision occurred off Cape Flattery, about the hour of nine o'clock in the forenoon. Preceding the collision, the "Ranier" was sailing in a westerly course, and the "Taylor" in a southeasterly, with the wind southerly.

A large mass of evidence was introduced at the trial, tending to show the relative positions of the vessels at and immediately

prior to the collision; the movements or want of action of the vessels, respectively; the direction, rate, and character of the wind; the observance, or lack of seamanship, in the different contingencies shown; and in brief, the numerous circumstances and factors that, on the one hand, tended to show fault, or on the other, to show care.

In addition to the testimony of those aboard the vessels at the time, the evidence of numerous experts was made use of; numerous authorities were cited by the respective counsel in support of different conclusions, claimed to be the result from established propositions of fact, which cannot aptly be reported without devoting more space to a statement of parts of the evidence than the opinion rendered warrants.

*J. R. Lewis* and *Struve & Haines*, for Barkentine "Taylor," cited, among others, the following authorities:

The "Taylor" was placed in the position she occupied through the fault of the "Ranier"; was thereby licensed to choose the course she did; and had the other vessel, under the circumstances, performed her duty, the "Taylor" would have passed astern of her in safety. (*The Sloop Argus*, Olcott, 304; *The Jupiter*, 1 Ben. 541; *The Sunnyside*, 1 Brown, p. 245; *The Grace Griler*, 7 Wall. 196; *St. Salonstall* v. *Stockton*, Taney, p. 11; *The Carroll*, 8 Wall. 302.)

Flagrant fault causing collision being shown on the part of one vessel, damages should not be apportioned until it clearly appears there was fault on the part of the other vessel. (*Ward* v. *The Lansmore*, 6 McLean, 231.)

The admiralty rule, that when both parties are to blame they shall bear the resulting damages jointly, is not applicable to all faults alike. The fault contemplated is such an one as induces or contributes to the collision. (*Wilson* v. *Emory*, 1 Phil. 8–10; *Ralston et al.* v. *State Rights*, Crabbe, 143; *The Farmer* v. *McCrow*, 26 Ala. 189.)

In what cases the opinions of experts should be allowed as to seamanship, and the value thereof. (*City of Washington*, 2 Otto, 39; *The Alice*, 1 Lowell, 301.)

The duties, under the rules, of vessels crossing as in this case. (2 Kent, *230; 10 How. 557; *St. Johns* v. *Payne*, Ibid, *581,

*582 ; *The Baldwin*, 1 Brown Ad., p. 302 ; *The Alice*, 1 Lowell, 301 ; *The Raab*, 1 Brown, 454.)

The evidence shows that in the management of the " Taylor " both the prudence and skill required in such cases was shown, and the collision resulted from the fault of the other vessel. (4 McLean, 286 ; *The Baltimore*, 8 Wallace, 387 ; 1 Sprague, 88.)

*McNaught Brothers*, for the " Ranier."

To preclude recovery, it is not necessary in every case that a libellant should be entirely faultless. (*Rasin* v. *Mitchell*, 9 Carrington & Payne, 613 ; *Holderman* v. *Beckwith*, 4 McLean, 286 ; *Kerwhacker* v. *Cleveland etc. R. R.*, 3 Ohio State, 172 ; *Cleveland etc. R. R.* v. *Elliott*, 4 Ohio State, 474 ; *The Baltimore*, 8 Wallace, 387 ; *Bridge* v. *Grand Junction Ry. Co.*, 3 Meeson & Wellsby, 244 ; *Davies* v. *Mann*, 10 Meeson & Wellsby, 545 ; *The Morton*, 1 Brown Admiralty Rep., 137 ; Abbott on Shipping, 154, 341.)

The negligence of one vessel is not excuse for fault in the other. (*The Ariadne*, 13 Wallace, 479 ; *The Dexter*, 23 Wallace, 69 ; *The Gray Eagle*, 9 Wallace, 505.)

Nor will it excuse want of ordinary care, where libellant has committed the first fault. (*Foster* v. *The Miranda*, 6th McLean, 227 ; *The Cynosure*, 1st Sprague's Decisions, 88 ; *Lane* v. *The Denike*, 3d Clifford's Cir. Ct. 117.)

Errors committed under impending danger or *in extremis* cannot be alleged as faults. (*The H. P. Baldwin*, 1st Brown's Admiralty, 307 ; *Bently* v. *Coyne*, 4th Wallace, 509–512 ; *The Nichols*, 7th Wallace, 656 ; *The Fairbanks*, 9th Wallace, 420 ; *City of Paris*, 9th Wallace, 634 ; *The Scranton* v. *The William F. Burden*, 5th Blatchford, 400 ; *The Scotia*, 7th Blatchford, 308 ; *The Genesee Chief* v. *Fitzhugh*, 12th Howard, 443, star page ; *New York and Liverpool U. S. Mail Steamship Co.* v. *Rumball*, 21st Howard, 372 ; *Withridge et al.* v. *Dill et al.*, 23 Howard, 448 ; *The Lucille*, 15th Wallace, 676 ; *The Northern Indiana*, 3d Blatchford, 92 ; *Halderman* v. *Beckwith*, 4th McLean, 286 ; *The F. W. Gifford*, 7 Bissell, 249 ; *The Thomas A. Scott*, 1st Brown's Admiralty Rep. 503 ; *The Vancouver*, 2d Sawyer, 385 ; *The Ottawa*, 3d Wallace, 268 ; Dixon on Shipping, pages 644–5.)

The rule of division of damages in collision does not apply where the faults are slight on one side and gross on the other. (*The Great Republic*, 23d Wallace, 20 and 34–5; *The Dexter*, 23d Wallace, 74; *Kelly* v. *Thompson*, 1st Lowell's Decisions, 125; *The Schooner Lion*, 1st Sprague's Decisions, 40.)

Opinion by Wingard, Associate Justice.

A collision occurred between the Barkentine " C. L. Taylor " and the bark " Ranier," off Cape Flattery, near the mouth of the straits Juan de Fuca.   The bark was owned by the Puget Sound Commercial Company.

Actions for damages, civil and maritime, were brought by both parties ; the causes were consolidated, and both parties appeal to this Court from the judgment of the Court below.   The testimony of the officers and crews of the two vessels is conflicting, and the expert testimony, being largely hypothetical, is unsatisfactory.   On a careful review of the whole case, we are convinced that the findings of the District Court are correct. They are as follows :

" The damages suffered by the two vessels respectively, including demurrage, were as follows : By the " Ranier," $4,000 ; by the " Taylor," $5,000.   Both vessels were guilty of contributory faults.

" 1st.   The ' Ranier ' was in fault for passing as close as she did astern . of the ' Taylor,' while the wind was baffling and variable, and the ' Taylor ' was in stays.

" 2d.   The ' Ranier' was in fault for not keeping a man at her helm, and for not using great diligence to keep, herself under control, while in the immediate neighborhood of the ' Taylor.'

" 3d.   The ' Taylor ' was in fault for trying to pass astern of the ' Ranier ' while she saw that the latter was caught aback, and that the wind would tend to drift her under the former's bows.

" 4th.   The ' Taylor ' was in fault for not luffing when she approached the ' Ranier,' and found that the latter was making sternway, and was unmanageable.

" 5th.   The ' Ranier ' was in fault for not recovering command of herself sooner.

" 6th.   The ' Taylor ' was in fault for not beginning to low-er her sails the instant it was clearly inevitable that the vessels must come together.

" 7th.   The ' Ranier ' was in fault for not cutting her main topmast backstay-lanyards as soon as it was evident that the ' Taylor's' foreyard was held fast by them.

" Such loss as has been sustained should be divided between both.

" A decree should be rendered in favor of the ' Taylor ' for $500."

The judgment of the Court below is affirmed.   Costs being entirely within the discretion of the Court, those made in this Court will be equally divided between the parties.